PERRY v. HOSKINS.

(Circuit Court, D. New Hampshire. January 27, 1899.)

1. PATENTS—DESIGNS—INVENTION.
    Under the rule established by the later decisions, as high a degree of invention is required to sustain design patents as in case of mechanical patents.

2. SAME—VALIDITY—DESIGN FOR MONUMENT.
    The Perry design patent, No. 22,856, for a design for a monument, covering two elements,—the shape or configuration of the monument, and a decorative design for its ornamentation,—is invalid as to both features for lack of invention.

In Equity. Suit for infringement. On final hearing.

Walter D. Hardy and John M. Mitchell, for complainant.
Streeter, Walker & Hollis, for defendant.

ALDRICH, District Judge. This is a design patent for a monument, and is numbered 22,856, and dated October 24, 1893. The patent seems to cover two elements: First, the shape or configuration of the monument; and, second, the decorative design for its ornamentation. As to the first, there is nothing in the details or in the combination which can be accepted as new and original. All the features in detail must be treated as old, for the stonecutting art, as known and practiced from a very early period, has covered all conceivable shapes and forms in monuments and statuary, and the combination does not, as it seems to me, amount to a new and original design. The second element of the design—that relating to ornamentations—comes nearer to patentable invention than the

first. The test is the appearance to the ordinary eye; which results from the design of combining the finished surfaces, the various lines, curves, figures, etc.; and, if this case could be determined in the light of the earlier decisions under the design statute, it would not be difficult to sustain this feature of the patent. But the later tendency has been to require for design patents something akin to inventive genius; or, in other words, as high a design of invention as that required by the rules which govern mechanical patents. In view of the later decisions, I arrive at the conclusion that the decorative design is not so distinctively new and different from previous designs as to bring it within the statute, which requires the design to be new and original.

The bill is dismissed, without costs.