### CARY MFG. CO. v. NEAL et al.

#### (Circuit Court of Appeals, Second Circuit. December 7, 1899.)

#### No. 19.

**1. DESIGN PATENTS—VALIDITY—INVENTION.**
Originality and the exercise of the inventive faculty are as essential to the validity of a design patent as a mechanical patent.

**2. SAME—INVENTION—BOX FASTENERS.**
The Cary design patent, No. 28,142, for a box fastener, consisting of a metal strap, which differs in construction from the one described in a prior mechanical patent to the same patentee only in omitting a corrugation along the edges, making the strap plain, does not disclose invention, and is void.

Appeal from the Circuit Court of the United States for the Southern District of New York.

A. G. N. Vermilya, for appellant.
Robert Stewart, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal from a decree of the circuit court of the United States for the Southern district of New York, which dismissed a bill in equity for the infringement of letters patent No. 28,142, applied for on October 15, 1894, and issued on January 11, 1898, to Spencer C. Cary, for a design for a box fastener. 90 Fed. 725. On April 21, 1891, the same Cary obtained letters patent No. 450,753 for a box fastener as an article of manufacture. The invention was a very narrow one, and was described in the claim as follows:

"As an article of manufacture, a box strap composed of a metal plate or strip, the end edges of which are curved in outline, and having a corrugation

which is continuous at, along, and upon the side edges, and said end edges and tongues at or near the strap ends cut from the strap body within the line of said edge corrugation, and bent at an angle to the face of the strap which is opposite to the corrugated face thereof, substantially as and for the purpose set forth."

The limited character of his invention is apparent from the following excerpt from the specification of the patent:

"I am aware that box straps have been heretofore formed with tongues cut from the strap body, and bent at an angle to the face thereof, and hence I make no claim thereto, broadly, herein. I am also aware that box straps have been formed with their end edges curved in outline, and therefore I make no claim to such form of the said edges, broadly, herein; and I am also aware that box straps have been corrugated along and upon their side edges and have been given corrugations extending laterally of the strap; but in such latter case the lateral corrugations have not been at and upon the said end edges."

His design patent consisted "in a box fastener having ends bounded by curved lines and upwardly or downwardly extending prongs, with openings in the material, the main surface of which is plain, and the essential features are a plain, flat body bounded at the sides by substantially straight lines and at each end by a curved line, having near each end openings in the face, and prongs extending from the sides of the openings at substantially right angles to the surface of the main body of the fastener." The invention of the mechanical patent had a continuous corrugated edge, which extended along and upon the edges of the fastener. The design patent has a plain, flat body. This is the only difference between them as disclosed in the specification of either patent, and the question in the case is whether the omission of the corrugated edge is patentable.

Section 4929 of the Revised Statutes provides that any person who, by his own industry, genius, efforts, and expense, has invented and produced any new and useful original shape or configuration of any article of manufacture, may obtain a patent therefor. It has been clearly stated that, to entitle an inventor to the benefit of the section in regard to design patents, "there must be originality, and the exercise of the inventive faculty." "Mere mechanical skill is insufficient. There must be something akin to genius,—an effort of the brain, as well as the hand." Smith v. Saddle Co., 148 U. S. 674, 679, 13 Sup. Ct. 770, 37 L. Ed. 606. In this case the patentee had simply omitted from his own box strap the corrugation along the edges, and made a plain strap. We can see nothing of an inventive character, nothing akin to genius, in this change. It was simply the work of the mechanic, without an apparent effort of the brain, for the purpose of increasing the simplicity, and therefore the utility, of the strap. There was a pre-existing flat box strap, but it is not necessary to analyze the differences between it and the device shown in the patent in suit, for the line of distinction between the old and the new, at the date of the patented improvement, is shown upon the face of the two Cary patents. The decree of the circuit court is affirmed, with costs.