BRADLEY v. ECCLES.

(Circuit Court, N. D. New York. May 23, 1903.)

No. 6,871.

1. PATENTS—DESIGNS—SUBJECTS.

A design for a manufacture is not rendered unpatentable, under Rev. St. § 4929 [U. S. Comp. St. 1901, p. 3398], because the article to which the design relates is one of use in some branch of industry.

2. SAME.

A thill coupling and a washer for thill couplings are proper subjects for design patents.

3. SAME—REQUISITES TO PATENTABILITY.

A design for an article of manufacture and sale for use, to be patentable, need not be such as to render the article ornamental both in itself and when in use for the purpose intended, but it is sufficient if the design be new and original, and such as makes the article more attractive and pleasing to the eye when exposed for sale, and therefore more valuable as an article of merchandise, or in the place where it is to be used.

4. SAME—THILL COUPLINGS.

The Bradley design patents, No. 32,747, for a design for a thill coupling, and No. 28,571, for a design for a washer for thill couplings, *held* not anticipated, valid, and infringed.

In Equity.

This is a suit in equity brought by the complainant, Christopher C. Bradley, against the defendant, Richard Eccles, for the infringement of two design letters patent issued to the complainant, and owned by him, and numbered and dated as follows: No. 32,747, dated May 29, 1900, thill couplings; and No. 28,571, dated May 10, 1898, washers for thill couplings. The bill of complaint demands an accounting and an injunction. The answer of the defendant denies that the complainant was the original and first inventor of the alleged improvements and designs for washers for thill couplings or designs for thill couplings designed and claimed in said letters patent, and that same are null and void because patented to other persons prior to the issuing of the patent to the complainant. The answer further alleges that the complainant is not the original and first inventor, but that he surreptitiously and unjustly claimed his letters patent, etc. The defendant also alleges that said letters patent are null and void because they do not particularly point out and distinctly claim the part, improvement, or combination claimed by the alleged inventor as his invention, as required by section 4888 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3383], and also alleges that no invention is involved in the making of the devices shown, and that no other requirement than mechanical skill is or was necessary for their production. The answer also denies infringement or threatened infringement.

Howard P. Denison, for complainant.
William A. Megrath, for defendant.

RAY, District Judge (after stating the facts as above). The specifications and claims of complainant's design letters patent, No. 32,747, dated May 29, 1900, in which application was filed April 30, 1900, read as follows:

### Design for a Thill Coupling.

Specification forming part of design No. 32,747, dated May 29, 1900. Application filed April 30, 1900. Serial No. 15,010. Term of patent 14 years.

To All Whom It may Concern: Be it known that I, Christopher C. Bradley, a citizen of the United States, residing at Syracuse, in the county of

Onondaga and state of New York, have invented and produced a new and original design for thill couplings, of which the following is a specification, reference being had to the accompanying drawings, forming a part thereof: Figure 1 is a top plan view. Fig. 2 is a side elevation thereof. As shown in the drawings, the leading or material feature of my design consists in the inverted U-shaped clip, a, and provided with a draft-arm, b, extending at substantially a right angle therefrom, all formed and stamped up from a single piece of metal. The clip, a, is flattened out at the point, c, where it passes over the axle, and terminates in the cylindrical ends, d, which ends are threaded in the usual way, the threads not being shown. The draft-arm, b, upon its lower side, is curved or rounded both longitudinally and laterally, as shown at b', and terminates in the eye, d'. The upper face of the said draft-arm, b, is cut away, as shown at e, and the central portion of the said draft-arm is removed, as shown at e', to form a spherical socket to receive a spherical knuckle connected with the thill-iron. (Not shown.) The whole forms a unique unitary article of manufacture.

Having described my invention, what I claim as new, and desire to secure by letters patent, is the design for a thill coupling substantially as herein described and shown.

In witness whereof, I have hereunto set my hand this 27th day of April, 1900.                                  Christopher C. Bradley.

The specifications and claims of complainant's design letters patent No. 28,571, dated May 10, 1898, in which application was filed March 14, 1898, read as follows:

Christopher C. Bradley, of Syracuse, New York.

Design for a Washer for Thill Couplings.

Specification forming part of design No. 28,571, dated May 10, 1898. Application filed March 14, 1898. Serial No. 673,874. Term of patent 14 years.

To All Whom It may Concern: Be it known that I, Christopher C. Bradley, a citizen of the United States, residing at Syracuse, in the county of Onondaga, in the state of New York, have invented and produced a new and original design for washers for thill couplings, of which the following is a specification, reference being had to the accompanying drawings, forming a part thereof: This design relates to the configuration of a washer for thill couplings. The essential feature of my design consists of an approximately spherical body, which is truncated at both ends and divided longitudinally at one side. In the accompanying drawings, Figure 1 is a front elevation of a washer embodying my design. Fig. 2 is an end elevation thereof. Fig. 3 is a longitudinal section in line 3, 3, Fig. 2. Like letters of reference refer to like parts in the several drawings. A represents the body of the washer, having an approximately spherical form, but truncated at both ends, as shown at b, and divided along one side, as shown at c.

I claim as my invention the design for a washer substantially as herein shown and described.

Witness my hand this 10th day of March, 1898.

Christopher C. Bradley.

Section 4929, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3398], in force at the time of the issue of the complainant's patent in suit and at the time of the commencement of this action, is as follows:

Any person who, by his own industry, genius, efforts, and expense, has invented and produced any new and original design for a manufacture, bust, statue, alto-relievo, or bas-relief; any new and original design for the printing of woolen, silk, cotton, or other fabrics; any new and original impression, ornament, patent, print, or picture to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture; or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known or used by others before his invention or production thereof, or patented or described in any printed publication, may, upon payment of the fee prescribed, and other due proceedings had the same as in cases of inventions or discoveries, obtain a patent therefor.

It will be noted that design letters patent No. 32,747 relates to a design for a thill coupling—an article of manufacture used in attaching thills to wagons—while design letters patent No. 28,571 relates to a design for a washer for thill coupling. Both are designs for a manufacture, and purport to be a new and an original design for a manufacture, and a new, useful, and original shape or configuration of articles of manufacture, and that same were not known or used by others before this invention or production thereof.

That a thill coupling is a manufacture, and that a washer for a thill coupling is a manufacture, cannot successfully be denied, and that a new and original design for such a manufacture is within the statute cannot be denied. While the patent granted under this section is for the design of or for such a manufacture or article, such design is not rendered unpatentable, or placed without the statute, for the reason that the article of manufacture to which the design relates, and which is manufactured according to the design, is an article of use in some branch of industry.

The question is, is this design for a thill coupling, or this design for a washer for a thill coupling, a new, useful, and original shape or configuration of such article of manufacture, not known or used by others before this invention or production thereof by the complainant, and not patented or described in any printed publication, or is it a new and an original design for a manufacture; that is, an article of manufacture in use, or to be put in use, and capable of being used?

It matters not, in the judgment of this court, whether the new and original design, or new, useful, and original shape or configuration, of an article of manufacture, is applied to ornamental wall paper, pictures, or any other manufacture intended simply for ornament, or to the picture frame intended to hold the picture in place, or to a window intended to light a house or church, or to a plow or hammer used in agricultural and industrial pursuits. All are equally within the statute, and were intended to be. The carpenter who sings while he swings his hammer admires the design of the instrument he is wielding; that is, the appearance presented to his eye and created by imposing on the physical substances constituting that instrument a design which gives to his hammer some peculiar shape or ornamentation that makes it pleasing to his eye. The plowboy who whistles as he follows in the new-turned furrow admires and is impressed by the design of the plow that turns the sod, which is nothing more or less than the appearance presented to the eye and created by imposing on physical substances making the plow some peculiar shape or ornamentation.

Nor can it matter, in the judgment of this court, that the new and original design for a manufacture or the new, useful, and original shape or configuration of the article of manufacture is designed for use in some obscure place. Primarily it comes from the hands of the manufacturer, and is placed upon the shelves of the shopkeepers for sale, whence it passes into the hands of purchasers and users, and so is observed, and, if of a new and beautiful design, admired, not only by all patrons of the shop where kept for sale, and by all would-be purchasers, but by all who use the article thereafter, or observe it while

in use. Common experience teaches that the element of beauty or tasteful construction adds largely to the salability, and hence to the value, of the most common articles in use by the human family. A harness is used upon a horse for the purpose of attaching to such animal the vehicle in which the driver is to be seated, and, so far as mere use is concerned, it matters little as to the design of the harness, but who would think of denying that the harness beautifully designed is within the statute? Who would think of denying that a new, useful, and beautiful design for a buggy is not within the statute? If this be true, then each and every part of such vehicle, if handsomely designed, ought to be and must be within the statute. This court is of the opinion and holds that the thill coupling is an appropriate subject for a design patent. This court is also of the opinion that a washer for thill couplings is also an appropriate subject for a design patent. Both are articles of manufacture, and, while designed for sale and use, it is important to the manufacturer and merchant that the design be pleasing to the eye and ornamental; and it is also important to the user of the vehicle to which they are attached that the design be ornamental. The expense of carriages for pleasure riding is probably double because of the use of designs purely ornamental to the carriage. Carriages are painted in various designs, and this painting is intended to be ornamental. Would not a new and ornamental design for painting a wagon be within the statute? The painting is useful as well as ornamental, but double the money is frequently paid for ornamental painting, where the utility is not added to in any degree. The complainant's design patent for his thill coupling is new, taken as a whole, and in its design is ornamental to the carriage and pleasing to the eye, in and of itself. Both singly and in combination with the carriage it is new, useful, and ornamental. Hanging by itself upon the wall of a house, it would not be ornamental as part of the house; but, hanging by itself as an article of manufacture for use as part of a carriage, it is ornamental, and at once attracts the attention and excites the admiration of all who love and admire beautiful vehicles.

This cannot be said, in its full extent, of the complainant's design patent for a washer for thill coupling—design patent No. 28,571. This washer adds nothing whatever to the appearance of the carriage or thill coupling in connection with which it is used, for, when in use, or adjusted for use, it is entirely concealed from view. No part of it can be seen. All that can be said of it is that it is useful, and that the design of the washer is ornamental; that is, that this particular washer for thill couplings is handsomer—much more pleasing to the eye—than any other ever placed upon the market or designed. It is more useful, serves the purpose for which designed better, and is much more complete, and a would-be purchaser of washers for thill couplings would select it from all others for two reasons: First, because of its greater utility and freedom from complexity, and because of its easy adjustability; and, second, because of its neat and pleasing appearance. If, to be within the statute, and protected by it, as the law stood before amendment, such an article of manufacture must be ornamental in and of itself, and also ornamental to some person or some thing other than itself and independent of itself, and so intended, then this design

for a washer for thill couplings is not patentable, and the patent is void; but if all that is required, to come within that statute, is that the article of manufacture, in and of itself, and as itself, shall be ornamental (that is, neat, attractive, handsome, and pleasing to the eye as a washer for a thill coupling, or when used in an appropriate place for ornamentation), then the complainant's patent is valid.

This court does not think that, to be ornamental, the patent must be ornamental in the ordinary sense in which that word is used; that is, that it must be an ornament in a parlor or room of a house, or an. ornament solely upon a vehicle with which used, or ornamental if worn by a person. This court is of the opinion that the statute, even as amended May 9, 1902 (32 Stat. 193, c. 783), means that the design or form of construction for the article of manufacture is to be such that it is ornamental when offered for sale in the market, if designed for sale in the market, or ornamental in the place where used, and that the statute is satisfied if it be ornamental in either place. If a design patent for a washer for thill coupling looks fine and handsome (that is, ornamental), and if it produces this effect upon the eyes of those who desire to purchase and use such an article of manufacture, and upon all who observe it, and, when observed, produces pleasant emotions in one who has an understanding of and an eye for a thing of beauty, which is a joy forever, whether it be useful or nonuseful, because of the design, then it is within the statute and patentable. The complainant's design for a washer for thill couplings answers these conditions. No one in a civilized community would think of using a string of them for a necklace. They are not designed to be ornamental in that sense. They would be ornamental, properly strung and hung in a carriage factory, carriage house, or stable. The form in which this washer for a thill coupling is made adds or lends beauty and attractiveness to itself; that is, to the washer. In other words, its design is such that the washer itself, ordinarily not pleasing, or at least not attractive, to the eye, is made a handsome and attractive thing in the eye of all who have a taste for vehicles and their attachments. This washer is not intended as a decoration, but may in places be used as such, and, aside from its usefulness, might add beauty, grace, or attractiveness to the places in which kept for sale or use, or in which carriages are kept for sale or use. The design is such that an unattractive article of manufacture is made beautiful and attractive to the dealer, the trade, and the user, and those who see it in use. It is not intended for exhibition as a mere ornament when completed according to the design, but is intended to be ornamental in its sphere of usefulness, and attractive and pleasing to the senses of all observers, and may be used in the places mentioned as an ornament.

This court holds and decides that this complainant, in his design patent 32,747, "has invented and produced a new and original design for a manufacture," and has invented and produced "a new, useful, and original shape or configuration" of an article of manufacture; that the article of manufacture itself is not designed or intended for an ornament, or for ornamental purposes, but for use as an essential and·useful part of vehicles drawn by animals, but that the complainant's design makes such article of manufacture, when displayed or offered for sale

in the market, or used as an ornament in carriage factories and carriage houses, ornamental and attractive, and pleasing to the eye and senses of all who see it—both sellers, purchasers, owners, users, and observers—and consequently more valuable both as an article of merchandise and as an article of use.

This court has carefully considered Rowe v. Blodgett (C. C.) 103 Fed. 873, affirmed in 112 Fed. 61, 50 C. C. A. 120, and finds in that case nothing that conflicts with these views. In fact, that case supports the complainant's contention, and the views here expressed. In that case the Circuit Court of Appeals said:

> There is nothing in the record to indicate that there is anything attractive about the appearance of the complainant's calk, or that the downward projecting curved lines appeal in any way to the eye, or serve to commend the article to purchasers, except for the suggestion that, seeing those lines, they will know the calk on which they appear is the product of the patentee, and not of some other maker.

Here is a plain intimation that had the record in that case showed, as is shown here, that the complainant's horseshoe calk was attractive in appearance and its form, constructed according to the design, such as to appeal to the eye or commend it to purchasers and users as a thing of beauty, the patent would have been upheld. It is not true that the appearance of this washer, when in use, is wholly immaterial. When adjusted for use, it is hidden from sight, but when being adjusted (that is, every time the pole or thills are removed from or adjusted to the vehicle) the washers are in plain sight, and their appearance and pleasing effect on the eye and mental faculties are important.

In Eaton v. Lewis (C. C.) 115 Fed. 635, the design patents for belt fastening plates for uniting the ends of machinery belts were declared void by Judge Wheeler, following Rowe v. Blodgett, supra, on the ground that the advantage shown was purely mechanical, and not esthetic, and on the ground that the appearance of the article in use would be wholly immaterial. In this case the court holds that the appearance of the thill coupling made according to the design, and the appearance of the washer made according to the design, are not immaterial when being used by the owner, or when being exposed for sale in the market, or as to the coupling when attached to the vehicle. The appearance of these articles adds to their value both in the market and to the owner and user, when applied to the uses for which intended, and hence are proper subjects for a design patent, even though the primary uses of a thill coupling and of a thill coupling washer are not ornamental.

It is plain that the complainant has produced an original design for a thill coupling and the washer. He has displayed both originality and the exercise of inventive faculty. Smith v. Saddle Co., 148 U. S. 674–679, 13 Sup. Ct. 768, 37 L. Ed. 606; Cary Manufacturing Co. v. Neal, 98 Fed. 617, 39 C. C. A. 189; Perry v. Hoskins (C. C.) 111 Fed. 1002; Bevin Co. v. Star Co. (C. C.) 114 Fed. 362. It is plain that the complainant exercised the inventive faculty, because he has produced a beautiful and useful thing, never before produced.

The defendant has called attention to two patents (the Murray No. 357,221, February 7, 1887, and the Murray 377,861, February 14,

1888), and claims that these show anticipation. With this contention the court does not agree; nor does this court agree with the contention that the Blackman patent, No. 463,618, of November 24, 1891, shows the same features as complainant's thill coupling. All of these prior patents are different in essential features and particulars, and are clumsy and cumbersome when compared with the complainant's design patent. It is not necessary here to describe each of these patents. The court has carefully examined the patents and figures, as well as the articles themselves when ready for attachment to the vehicle.

That the defendant has infringed both of complainant's design patents is perfectly plain. In every essential feature and particular he is producing and selling the precise thing covered by the complainant's patent. In the Carriage Monthly for August, 1900 (volume 36, No. 5), we find that the defendant advertises for sale a ball-bearing coupling with leather packing, which is a substantial duplication of the complainant's. We find the same in the Hub for August, 1900 (volume 42, No. 5).

The complainant starts with a presumption of validity in his favor, and this presumption has not been overcome, nor is the defense of anticipation sustained. A washer for a thill coupling may seem an insignificant thing for a design patent, but small things are not to be ignored in the patent field. Millions of these washers are used every year, and the esthetic taste of millions of people is served by this washer. Millions of them have been sold, and the great demand for the article demonstrates, not only their usefulness, but their beauty and superiority over all others in the market. This complainant has produced, by the exercise of industry, genius, effort, and expense, new and original designs, forms, and configurations and arrangements of manufactured articles; and he is entitled to the benefit of the act of Congress under which he proceeded when he exercised this industry, genius, and effort, and incurred this expense, and was successful in producing that which the law says shall be protected by a patent.

It follows that the complainant is entitled to a decree for the relief demanded in his bill of complaint.