W. F. BURNS CO. v. MILLS et al.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,200.

PATENTS—INVENTION—SAVINGS BANK.

The Mills & Cunningham patent, No. 725,858, for a metal savings bank, the essential feature of which is a tube extending into the bank and having a circular row of integral teeth on its inner end, so that a bill inserted into the bank through such tube cannot be extracted because of engagement with the teeth, is void for lack of invention; tubes of practically identical form having been previously used in animal traps for a similar purpose.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The bill was to restrain infringement of letters patent No. 725,858, issued April 21st, 1903, to the appellees for a new and useful improvement in savings banks.

The claim sued upon reads as follows:

"In a device of the class described, the combination with the receptacle having an orifice in one of the walls thereof, of a rigid tube of circular cross-section extending inwardly from the orifice, and a circular row of integral teeth on the inner end of said tube, substantially as described."

The following is a drawing of the device:

The letters patent state however, that "it is to be understood that a considerable number of changes may be made in the details of the device without departing from the spirit of the invention. For example, the inwardly extending tube B. might be placed in any suitable part of the bank, and not in the exact position shown in the drawings. Also this tube might be angular, instead of curved. The position of the device for preventing the removal of coins, might also be varied."

Other patents cited are as follows:

No. 117,005, July 11, 1871, B. C. Smith; No. 214,341, April 15, 1879, C. T. Yerkes, Jr.; No. 232,257, Sept. 14, 1880, E. L. Gobisch; No. 269,673, Dec. 26, 1882, J. H. Hotchkiss; No. 465,649, Dec. 22, 1891, E. W. Roberts; No. 572,811, Dec. 8, 1896, F. E. Krauth.

Some of these patents relate to savings banks, and show means making the extraction of coins once deposited impossible. But the means thus shown do not embody, mechanically, the circular row of integral teeth employed in the patent in suit.

In the improvement of animal traps, however, the device utilized by Mills and Cunningham, in almost identical mechanical form, is shown—the Smith patent No. 117,005, issued July 11th, 1871, being a good sample. A drawing of that patent is as follows:

The tube used by appellant is almost identical with the tube used by the appellees, so that the patent being sustained, no question of infringement is left.

The decree of the Circuit Court appealed from sustained the patent, and ordered an injunction and accounting.

Dwight B. Cheever, for appellant.

L. L. Coburn, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, having stated the facts, delivered the opinion.

The basic conception of the patent in suit is, that though a bill may be readily pushed through a tube having at its inner end a circular row of integral teeth, such bill, once in, cannot be extracted, because of its engagement with the teeth. This, also, is the basic idea of the animal traps shown in the Smith and other inventions. Savings banks for home use, embodying mechanical means to prevent the coin deposited from being extracted, being old, the sole inquiry in the case under consideration is this: Is the transfer of the tube from the animal trap contrivances to the purposes of a home savings bank, so as to better enable such banks to become the depository of bills, patentable invention? Is the conception of a savings bank with such a contrivance the product of inventive imagination?

The chief argument urged in favor of an affirmative answer to these questions is, that since this toothed opening, in connection with savings banks, came into use, the demand for home savings banks have greatly increased; and from this it is argued that the readaptation of this old thing to the new use had great utility, and that there must have been invention in the conception of a transfer that had turned a thing not used at all, or very little, into a thing in great demand.

The difficulty with the argument is, that in all probability—though the record discloses nothing in that respect—effect is mistaken for cause, and cause for effect; for, from all that is shown, it is just as easy to turn the argument end for end, saying that because home savings banks have come, from other causes, into great demand, the utility of the toothed entrance, though well known in connection with animal traps, became for the first time obvious in connection with a savings bank. And thus turned, the argument, instead of being one in favor of creative imagination, becomes a showing merely of the mechanical skill, that when a thing springs clearly into demand makes such mechanical adjustments as are obvious.

In the absence of any help from the record on this phase of the case, we are disposed to believe that instead of the demand for home savings banks being created by the toothed mouth of the tube, a tube having such mouth was the obvious outcome of a demand created wholly by extraneous causes—created by the savings banks of the country entering on a policy that encouraged their depositors to lock up money from day to day, in their own homes, in the little banks distributed to them by the savings banks. And, stated in this order, the evolution of the device under consideration is an evolution that would have come about by the mere application of mechanical skill.

The decree of the Circuit Court is reversed, and the case remanded with directions to dismiss the bill for want of equity.