NORTHROP, The WILLIAM H. See Case No. 17,696.

---

## Case No. 10,328.

### NORTHRUP et al. v. ADAMS.

[2 Ban. & A. 567;[1] 12 O. G. 430; 2 Cin. Law Bul. 84; Fent, Pat. 28.]

Circuit Court, E D. Michigan. March, 1877.

DESIGN PATENT — ORIGINALITY AND INVENTION — ADAPTATION OF OLD DEVICES — AGGREGATION.

1. The law applicable to design patents does not materially differ from that applicable to mechanical patents. The same general principles of construction extend to both

2. To entitle a party to the benefit of the act protecting an invention, either for a design or a mechanical device, there must be originality and the exercise of the inventive faculty. In the one there must be novelty and utility, and in the other originality and beauty; mere mechanical skill is insufficient.

[Quoted in Western Elec. Manuf'g Co. v. Odell, 18 Fed. 322.]

3. The adaptation of old devices or forms to new purposes, however convenient, useful or beautiful they may be in their new role, is not invention.

[Quoted in Western Elec. Manuf'g Co. v. Odell, 18 Fed. 322. Cited in Foster v. Crossin, 44 Fed. 64.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

4. The principle of aggregation is as applicable to designs as it is to mechanical inventions.

5. If, in a design patent, the effect produced be simply the aggregation of familiar designs, it will not be patentable.

This suit was brought [by Frank Northrup and others against Samuel Adams] for the alleged infringement of a design patent for a provision or cheese-safe. The invention described in the patent was a rectangular base, with a top supported by four corner-posts, with an intermediate stile or support, dividing each side into vertical panels, all of which were covered with wire-cloth of fine mesh. The front side was made to open as a door, which was single, but folded upon itself, the two parts being hinged together at the centre stile. Around the base is an ogee moulding, and a similar one was run around the top to serve as a cornice. A lighter moulding of the same pattern was run around the edge of each panel, and a pleasant effect was claimed to be produced by staining all of the moulding a dark color, and varnishing all the rest of the wood-work, leaving it of its natural color. The claim of the patent was as follows: "As a design for a cheese-safe, the rectangular cage shown, having two vertical panels on each wall, a moulded top, A, and a moulded base, A'." The defences set up in the answer were—First, that the invention was in public use for more than two years prior to the application for a patent; second, that the invention was not patentable.

Charles J. Hunt, for complainants.

J. W. McGrath and G. H. Lothrop, for defendant.

BROWN, District Judge. Complainant claims his patent by virtue of the clause of Rev. St. § 4929, which extends the protection of the patent laws to any new and original design for a manufacture, or "any new, useful and original shape or configuration of any article of manufacture, the same not having been known or used by others," before his invention or production thereof. The law applicable to this class of patents does not materially differ from that in cases of mechanical patents, and "all the regulations and provisions which apply to the obtaining or protection of patents for inventions or discoveries * * * shall apply to patents for designs." Section 4933. The same general principles of construction extend to both. To entitle a party to the benefit of the act, in either case there must be originality and the exercise of the inventive faculty. In the one, there must be novelty and utility, in the other, originality and beauty. Mere mechanical skill is insufficient. There must be something akin to genius—an effort of the brain as well as the hand. The adaptation of old devices or forms to new purposes, however convenient, useful or beautiful they may be in their new role, is not invention. In the case of

Bennage v. Phillippi, 9 Off. Gaz. 1159, the acting commissioner of patents decided, I have no doubt correctly, that the use of a small model of the main Centennial building, for paper-weights and inkstands, was not patentable.

Another apt illustration of this is put by Simons, Design Patents, p. 194, of one who took a familiar statue of a shepherd-boy, thrust a gas-pipe through the leg and arm, and applied it to the purposes of a droplight. Here was good taste, undoubtedly, but not invention. He merely succeeded in making that which was before purely ornamental serve a useful purpose.

It is true, patents have apparently been issued for designs frivolous in themselves, or new adaptations of old designs; but, as remarked in an excellent opinion by Commissioner Leggett, in the Case of Parkinson (Simons, Design Patents, p. 101), "the practice of the office in granting design patents has been not only liberal, but lax." In the later decisions of the office, a stricter construction has been given to the law, and one more consonant with the familiar principles applied to mechanical patents.  •

If a combination of old designs be patentable at all, of which I have some doubt, the combination must be such as to produce a new appearance. If the effect produced be simply the aggregation of familiar designs, it would not be patentable. For example, if one should paint upon a familiar vase a copy of Stuart's portrait of Washington, it would not be patentable, because both elements of the combination, the portrait and the vase, are old; but if "any new and original impression or ornament" were placed upon the same vase, it would fall within the express language of the section.

Apply these rules to the case under consideration. Rectangular safes, essentially similar to the complainant's, covered with wire-cloth, have been made and used many years. When constructed of large size, each side was divided into panels by a vertical stile; when of smaller size, no such division was made. As the difference in size would not be patentable, so the division of each side into panels is none the more so. The only novelty, then, in this patent, is the use of an ogee moulding about the top and bottom, and the combination of this with panelled sides is claimed as complainant's invention. Mouldings of this description, however, have been used for centuries, and applied, not only by way of ornament in architecture, but to articles of furniture and the decoration of interiors. The embellishment of a provision safe with this ancient design is simply the adaptation of a well-known ornament to a new purpose. The result is pleasing in appearance, but not entitled to the protection of the patent laws, as novel or original. Rectangular safes were formely used for the exhibition of cheese in shops; but of late years they have been supplanted by a round safe, with the top divided and connected with hinges, so as to permit one-half of it to be thrown back. The present design appears simply to be a restoration of the old style with a rolling bottom, for the more convenient handling of the cheese, and the addition of a simple moulding around the top and bottom, giving it undoubtedly a more pleasing appearance. While the patentee showed some taste in the manufacture of this article, and while it may have become popular and valuable to him, it does not seem to me to possess the originality without which no manufacture can be patentable. It results that the bill must be dismissed, with costs.