HAMMOND v. STOCKTON COMBINED HARVESTER & AGRICULTURAL WORKS.

(Circuit Court of Appeals, Ninth Circuit. October 31, 1895.)

No. 231.

1. DESIGN PATENTS—VALIDITY—INVENTION.
    To sustain a design patent issued under Rev. St. § 4929, the design must disclose originality, and the exercise of the inventive faculty.
2. SAME—DESIGN FOR STREET CARS.
    There is no invention sufficient to support a design patent in merely substituting for the open platform previously used on the rear end of an existing street car an open compartment with seats, precisely similar to an open compartment already in use on the front end of the same car.
3. SAME.
    The Hammond patent, No. 21,042, for a design for street cars, is void for want of invention.

In Error to the Circuit Court of the United States for the Northern District of California.

M. M. Estee and John H. Miller, for plaintiff in error.
John L. Boone, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This is an action at law, brought by the plaintiff in error to recover damages for the infringement of a patent for a design for a railway car-body. The case was tried without a jury, by the consent of the respective parties, and the court found all

of the issues of fact in favor of the plaintiff in error, except the issue of patentable invention. In respect to that issue, the court found:

"That, prior to the date of plaintiff's alleged invention, there was known and in use on the Market Street Cable Road, in the city and county of San Francisco, and state of California, a combination car, consisting of a rectangular inclosed compartment or section, and at one end thereof a skeleton or open-work rectangular section, within which were delineated seats lying lengthwise and crosswise of the car, while at the opposite end was an ordinary car platform for ingress and egress of passengers, the whole being surmounted by a horizontal roof surface, while at each end of the car floor was a vertical dasher, and beneath the flooring was seen the trucks; the whole of said car-body being suitably ornamented and embellished, the appearance of which is shown by letters patent No. 304,863, granted to H. Root on September 9, 1884, a copy of which was offered in evidence by the plaintiff, and marked 'Plaintiff's Exhibit I I,' and is hereby referred to for further description. That in producing his car-body described and claimed in letters patent sued on, all that the plaintiff did was to take the said old Market street combination car, cut a passageway through the side seats of the open compartment adjoining the closed compartment, so as to afford an entrance from the street through the said open compartment to the closed compartment; then to remove the rear platform attached to the open compartment, and substitute in its place an open compartment, with seats and passageways in all respects like the first-mentioned open compartment; and that in making said substitution trucks were placed underneath said substituted open compartment, in all respects like the trucks which had previously been used under said prior open compartment. That long prior to said substitution horse cars had been used in which were a central closed compartment, with a platform at each end, with passageways for ingress and egress of passengers from said central closed compartment to each of said platforms, and from thence to the street."

Based upon the facts thus found, the court held the patent void for want of invention, and gave the defendant in error judgment for costs of suit. From that judgment this appeal is taken, and the sole question is whether the patented design shows sufficient invention to sustain the patent, which was issued under the last clause of section 4929 of the Revised Statutes, which relates to new shapes or forms of manufactured articles. The section provides that:

"Any person who, by his own industry, genius, efforts, and expense, has invented and produced any new and original design for a manufacture, bust, statue, alto-relievo, or bas-relief; any new and original design for the printing of woolen, silk, cotton, or other fabrics; any new and original impression, ornament, patent, print, or picture to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture; or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known or used by others before his invention or production thereof, or patented or described in any printed publication, may, upon payment of the fee prescribed, and other due proceedings had the same as in cases of inventions or discoveries, obtain a patent therefor."

To entitle a party to a patent for a design under this act there must be originality, and the exercise of the inventive faculty. This is so, because the statute so declares, and because it has been so decided by the supreme court. Smith v. Saddle Co., 148 U. S. 674–679, 13 Sup. Ct. 768. In that case the court said:

"The exercise of the inventive or originative faculty is required, and a person cannot be permitted to select an existing form, and simply put it to a new use, any more than he can be permitted to take a patent for the mere double

use of a machine. If, however, the selection and adaptation of an existing form is more than the exercise of the imitative faculty, and the result is, in effect, a new creation, the design may be patentable."

In the case at bar, what the plaintiff did, and all that he did, was to substitute, for the platform which had previously been used on the rear end of the existing Market street cars, an open compartment, precisely similar to the open compartment which was in use at the front end of those cars. This was nothing more than the exercise of the imitative faculty, and did not rise to the dignity of invention. Judgment affirmed.