MYERS v. STERNHEIM.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1899.)

No. 524.

1. PATENTS—ACTION FOR INFRINGEMENT OF DESIGN PATENT—EVIDENCE.
Invention is as essential to the validity of a design patent as of a patent for a mechanical device; and, in an action at law for infringement of a design patent, defendant may introduce in evidence, under the general issue, other design patents, for the purpose of showing the prior state of the art, and as going to the question of invention.

2. SAME.
It is not error in such an action to permit a witness to compare the design of plaintiff's patent with others in evidence, and point out the differences between them.

3. APPEAL—REVIEW—INSTRUCTIONS.
Exceptions to the charge of the court cannot be considered by the appellate court where only a portion of the charge is contained in the record.

In Error to the Circuit Court of the United States for the Northern District of California.

William H. Jordan, for plaintiff in error.
John H. Miller, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. We see no merit in this appeal. The action was one at law, for damages growing out of the alleged infringement of a design patent for a lamp stove, in which the defendant pleaded the general issue. Three points are made as grounds for a reversal of the judgment entered in the court below. The defendant was permitted to introduce in evidence, against the objections of the plaintiff, various design patents, to which action of the court exceptions were entered by the plaintiff, and are here relied upon as grounds for a reversal of the judgment given below. Those patents were not offered or allowed in evidence for the purpose of showing anticipation, for there was no such de-

97 F.—40

fense pleaded by the defendant. They were offered and admitted for the purpose of showing the prior state of the art. The exercise of the inventive faculty is just as essential to the validity of a design patent as it is to the validity of a patent for any kind of a mechanical device. Smith v. Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768; Hammond v. Agricultural Works, 17 C. C. A. 356, 70 Fed. 716. And to patents for designs all the regulations and provisions which apply to obtaining or protecting patents or discoveries, not inconsistent with the provisions of title 60 of the Revised Statutes, are by section 4933 of those statutes expressly made applicable. It is therefore clear that it is as permissible for the defendant to an action on a design patent to show the prior state of the art, as it is in the case of a patent for a machine. The purpose of such a showing is to throw light upon the question of invention, which lies at the foundation of the case.

The court below also permitted the counsel for the defendant, against the objections of the plaintiff, to ask certain witnesses to point out differences between the patents introduced for the purpose of showing the prior state of the art, and the patent sued on. To these rulings the plaintiff excepted, and they are also assigned as error. The true rule in respect to design patents is thus stated by the supreme court in Gorham Co. v. White, 14 Wall. 511, 528:

"If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same,—if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other,—the first one patented is infringed by the other."

The conclusion in respect to the matter is to be drawn by the jury, or, where a jury is waived, by the court; but this fact does not preclude the showing by witnesses of differences that may exist in the various designs. Such detailed differences, where shown, are not, of course, conclusive upon the jury, which, on the contrary, is to say from the whole evidence, under the rule stated, whether or not there was an infringement of the plaintiff's patent. The court below so told the jury, and was right in doing so.

The only other point relied upon by the plaintiff in error arose out of exceptions to the charge of the court; but a reference to the record shows affirmatively that the plaintiff in error has brought up only a part of the court's charge, and there is nothing to indicate that the omitted portion had no bearing upon the point made. Under such circumstances, we would not be justified in reversing the judgment, even if, in the portion of the charge brought here, error appeared, since, in the portions of the charge omitted, the error, if any, may have been corrected. We do not intend, however, to be understood as intimating that the portion of the charge printed in the record contains any error. The judgment is affirmed.