MYERS v. BROWN et al.

(Circuit Court of Appeals, Ninth Circuit. May 7, 1900.)

No. 569.

1. APPEAL AND ERROR—REVIEW OF ISSUES OF FACT.

The question whether the verdict of a jury is against the weight of the evidence cannot be reviewed on writ of error to the circuit court of appeals.

2. SAME—ADMISSION OF EVIDENCE—RECORD.

In an action for an alleged infringement of a patent, error in refusing to admit in evidence the judgment roll in another case in which the validity of the same patent was involved cannot be reviewed on appeal, where the judgment roll in question is not embodied in the bill of exceptions, nor anywhere set out in the record.

3. PATENTS—INFRINGEMENT—EVIDENCE.

Evidence of a patent issued to one not a party to the suit, prior to the issuance of the patents to plaintiff, was properly admitted for the purpose of showing the prior state of the art.

In Error to the Circuit Court of the United States for the Northern District of California.

W. H. Jordan and John L. Boone, for plaintiff in error.

John H. Miller, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This was an action at law for the alleged infringement of two patents,—one a mechanical patent, reissue No. 11,383, and the other a design patent, No. 22,911,—both issued to the plaintiff in error for a lamp stove. The validity of these patents was involved in the suit of Gaskill v. Myers, 26 C. C. A. 642, 81 Fed. 854, and there sustained. In the present action the sole defense interposed by the defendants was noninfringement, and based upon the claim that the stoves sold by them constituting the alleged infringement were of a different make, style, pattern, and appearance from the stove of the defendants involved in the case of Gaskill v. Myers. By agreement of counsel, the issues respecting the mechanical patent were first tried by a jury, resulting in a verdict for the defendants, and immediately thereafter the issues in respect to the design patent were tried before the same jury, resulting in a similar verdict. It is urged on the part of the plaintiff in error that each verdict was against the weight of the evidence. The conclusive answer to this suggestion is that upon a writ of error the appellate court does not review controverted questions of fact. Insurance Co. v. Ward, 140 U. S. 91, 11 Sup. Ct. 720, 35 L. Ed. 371; Wilson v. Everett, 139 U. S. 616, 11 Sup. Ct. 664, 35 L. Ed. 286.

It is next urged on the part of the plaintiff in error that the court below erred in refusing to admit in evidence the judgment roll in the case of Gaskill v. Myers. It is a sufficient answer to this point to say that that judgment roll is not embodied in the bill of exceptions nor does it appear anywhere in the record.

The next alleged error is that the court below erred in admitting in

evidence a patent numbered 396,575, issued to one Ketchum prior to the issuance of the patents of the plaintiff in error. The Ketchum patent was not offered or allowed in evidence for the purpose of showing anticipation, for there was no such defense pleaded by the defendants. It was offered and properly admitted for the purpose of showing the prior state of the art. Myers v. Sternheim, 38 C. C. A. 345, 97 Fed. 625. In support of this alleged error counsel say that "the judgment roll showed that in the former litigation that same patent had been passed upon by this higher court, and that said Ketchum patent had been exhausted of its influence upon the patent sued on by the decision of this court." We do not find the Ketchum patent in express terms referred to in the opinion of this court in either of the cases above cited. Whether it was embraced by any language used in the opinion of this court in either of those cases cannot be determined from the present record. The other alleged errors do not merit special notice. The judgment is affirmed.