JAMMES v. CARR–LOWRY GLASS CO.

(Circuit Court, S. D. New York. October 21, 1904.)

1. PATENTS—INFRINGEMENT—DESIGN FOR BOTTLE.

> The Jammes design patent, No. 35,027, for a design for a bottle, *held* to be for an invention of the patentee, valid, and infringed.

In Equity. Suit for infringement of design patent No. 35,027 for a design for a bottle, granted to Albert F. Jammes, September 3, 1901. On final hearing.

Charles P. Latting (Morris P. Stevens, of counsel), for complainant. James C. Chapin, for defendant.

RAY, District Judge. The claim of the patent in question is for "the design for a bottle, as herein shown and described." The drawings and specifications are quite full. The specifications say:

"Figure 1 is a side elevation of a bottle, showing my new design. Fig. 2 is a cross-sectional view taken on the line, XX, of Fig. 1. Fig. 3 is a bottom end view of the bottle. As shown in the drawings, the leading or material feature of my design consists of the article provided with the following parts, disposed and arranged as shown in Fig. 1: A top rim, A, being convex, as shown in Fig. 2, and in the form of a circle around the top of the bottle in a horizontal plane, and neck, B, in the form of a symmetrical perpendicular cylinder, the outer edges of the sides of which are perpendicular and terminating at the bottom in a rim, C, similar to the top rim, A, the same being convex, as shown in Fig. 2, and in the form of a circle around the bottom of the neck in a horizontal plane, and fluting, D, below rim, C, and connecting the neck with the body of the bottle, the said fluting, D, being concave, as shown in Fig. 2, and narrow at the top, where it joins rim, C, and broader at the bottom, spreading down and out in a complex concave curve toward the sides of the body of the bottle, and terminating at the bottom in a rim, E, in form similar to a low crown, the points of which are formed by the meeting of the component parts of the convex fluting, D, the sides of said rim, E, being straight and nearly perpendicular, inclining slightly out from the top toward the bottom, the whole rim, E, lying around the bottle in a horizontal plane, and the body, G, in the form of an irregular perpendicular cylinder, the sides of which project slightly beyond rim, E, where the top of the body joins the rim, E, forming a narrow edge, as shown at F, the sides of which edge are straight and incline out from the top toward the bottom. Below the edge, F, the sides of the body, G, are nearly perpendicular, but somewhat convexly curved and drawn together at the bottom, narrowing the cylinder of the body, G, at the bottom, and the base, I, consisting of a solid circular disk projecting slightly beyond the sides of the body, G, where the top of the base joins the body, forming a narrow edge, as shown at H, the sides of which edge are straight and incline out from the top toward the bottom, the edge, H, being slightly scalloped, and forming a waving edge around the top of the base I. The sides of the base, I, below the edge, H, are straight and nearly perpendicular, inclining slightly out from the top toward the bottom. The bottom edge of the base, I, follows the conformation of the scalloped edge, H, the depressions in the waving curve being flattened to a horizontal line at their lowest edge, and forming the feet, KKK, which extend somewhat below the bottom of the bottle, as shown in Fig. 2. The center of the base forms the bottom of the bottle, on which a series of ribs, R, and grooves or corrugations, S, is disposed or arranged in the shape of a many-pointed star, as shown in Fig. 3. The main body, G, of the bottle is left plain."

The defendant makes no claim that a bottle for perfumes and toilet waters is not the subject of a design patent, but in open court admitted that it is. The defendant alleges these defenses, viz.:

"(1) Noninvention, in that the subject-matter is not a patentable invention; (2) the patentee (the complainant) was not the originator, but Mr. Lowrey, vice president of defendant, was; and (3) noninfringement—no proof of an infringing act since date of patent and prior to commencement of suit."

In the brief defendant's solicitor says:

"The bill of complaint should be dismissed for the following reasons: The patent is invalid, as the claim is drawn to an unpatentable combination, and covers a mere aggregation of old designs. Lowrey, and not Jammes, was the true originator of the alleged improvement. The patent was therefore wrongfully issued to complainant, and is invalid for that reason. There is no proof of any infringing act since the date of the patent and prior to the commencement of this action."

The evidence is quite satisfactory that the complainant designed the bottle in question, and that having placed drawings thereof in the hands of defendant for the making of models, etc., the defendant appropriated the design as its own, and proceeded to manufacture and use bottles of this design, with some slight variations, which variations do not, however, defeat the charge of infringement. The defendant's is made of green glass, and is slightly narrower the one way than the other. But defendant cannot copy complainant's design, color being no part of it, in a bottle of green glass, and claim noninfringement because complainant's bottle is made of white glass.

From the evidence the court finds that Jammes was the originator and inventor of the design in question, and that defendant has infringed since the date of the patent and prior to the commencement of this suit.

The court cannot find that the patented design covers but a mere aggregation of old designs. In a sense all curves and angles are old. But in this case the proof fails to establish that this design as patented is old. The contention is not sustained that the claim of complainant's patent is for an aggregation of independent ornaments or designs, no one in any way relying for its effect upon the other so as to constitute a single ornament. The whole is so connected as to form one design for an ornamental bottle, as a bottle, and this is what the design is for. This court is of the opinion that it was not necessary to commingle the fluted neck with the ornamental base. They are connected and go together as one whole, and neither would be complete without the other. To commingle the fluted neck or its lines with the ornamental base would destroy the effect and beauty of the whole. In a design for a bottle each part has its appropriate place and location, and in this case the general effect upon the eye of the whole is to be considered, and, as all the parts are so connected as to form one whole, it is sufficient.

The one part is absolutely necessary to the others if we would have what the complainant was aiming to produce, an ornamental bottle. The complainant's patent covers a new and a useful design, beautiful and ornamental in a bottle, of which he is the inventor.

The complainant is entitled to a decree accordingly and an accounting.