CHARLES BOLDT CO. v. TURNER BROS. CO.

(Circuit Court of Appeals, Seventh Circuit. April 23, 1912.)

No. 1,836.

1. PATENTS (§ 43*)—DESIGNS—INVENTION.
    Originality and the exercise of the inventive faculty are as essential to the validity of a design patent as of a mechanical patent.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 50; Dec. Dig. § 43.*]

2. EVIDENCE (§ 52*)—JUDICIAL NOTICE—EFFECT.
    The court may take notice of what is common knowledge in a patent case, and the presumption of validity arising from the grant may be overcome as effectually by facts within the judicial knowledge, if adequate, as by the introduction of evidence.

    [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 52.*]

3. PATENTS (§ 328*)—INVENTION—DESIGN FOR BOTTLE.
    The Boldt design patent, No. 39,921, for a design for a bottle, is void on its face for lack of patentable invention.

Appeal from the Circuit Court of the United States for the District of Indiana.

Suit in equity by the Charles Boldt Company against the Turner Bros. Company. Decree for defendant, and complainant appeals. Affirmed.

Appellant brought suit in the Circuit Court to restrain infringement of design patent No. 39,921, granted April 20, 1909, to Charles Boldt for a design for bottles. The specification and claim read as follows, viz.:

"Be it known that I, Charles Boldt, a citizen of the United States, residing at Cincinnati, in the county of Hamilton and state of Ohio, have invented a new, original, and ornamental design for bottles, of which the following is a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

specification, reference being had to the accompanying drawing, forming part thereof.

"Figure 1 is a side elevation of a bottle, showing my new design and Fig. 2 is a perspective view thereof.

"I claim—

"The ornamental design for a bottle as shown."

The drawings are shown as figures 1 and 2 now produced:

Appellee interposed a general demurrer, which was sustained by the Circuit Court. Appellant having elected to stand by its bill, the cause was dismissed by the court for want of equity, and is now before this court on appeal from that order. The errors assigned are: (1) that the court held the patented device did not involve invention and was void; (2) that the court held the patent void on demurrer. Other facts appear in the opinion.

Littleford, James, Frost & Foster, of Cincinnati, Ohio (Walter F. Murray and Francis B. James, of counsel), for appellant.

Lewis M. Hosea and Walter A. Knight, for appellee.

Before KOHLSAAT and MACK, Circuit Judges, and SANBORN, District Judge.

KOHLSAAT, Circuit Judge (after stating the facts as above).

[1] Section 4929 of the Revised Statutes, as amended by Act May 9, 1902, c. 783, 32 Stat. 193 (U. S. Comp. St. Supp. 1911, p. 1457), under which the patent was granted, reads as follows, viz.:

"Sec. 4929. Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention

thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by section forty-eight hundred and eighty-six, obtain a patent therefor."

Section 4929, as it stood before amendment (Act of July 8, 1870, c. 230, § 71, 16 Stat. 209 [U. S. Comp. St. 1901, p. 3398]), so far as pertinent here, is as follows, viz.:

"Any person who, by his own industry, genius, efforts, and expense, has invented and produced any new and original design for a manufacture * * * or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known * * * may * * * obtain a patent therefor."

It will be noted that the words of the 1870 statute, viz., "new and original design," have in the later act been supplemented by the addition of the word "ornamental," and that the numerous subjects of patented protection enumerated in the former act have been summed up in the language, "of any article of manufacture" of the later act. Both acts call for an invention. Says the court in Smith v. Whitman Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768, 37 L. Ed. 606, a case decided under the former act:

"The exercise of the inventive or originative faculty is required, and a person cannot be permitted to select an existing form and simply put it to a new use any more than he can be permitted to take a patent for the mere double use of a machine. If, however, the selection and adaptation of an existing form is more than the exercise of the imitative faculty and the result is in effect a new creation, the design may be patentable."

In Northrup v. Adams, 12 O. G. 430, 2 Ban. & A. 567, 568, Fed. Cas. No. 10,328, Mr. Justice Brown, then on the district bench, held that the law applicable to design patents did "not materially differ from that in cases of mechanical patents," and that "all the regulations and provisions, which apply to the obtaining or protection of patents for inventions or discoveries * * * shall apply to patents for designs," and that "to entitle a person to the benefit of the act, in either case, there must be originality and the exercise of the inventive faculty * * * there must be something akin to genius—an effort of the brain as well as the hand. The adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new role, is not invention."

This doctrine is laid down in Hammond v. Combined Harvester Works, 70 Fed. 716, 17 C. C. A. 356, Myers v. Sternheim, 97 Fed. 625, 38 C. C. A. 345, Pelouze Scale Co. v. American Cutlery Co., 102 Fed. 916, 43 C. C. A. 52, and very many other cases. Indeed, it is difficult to understand how the language of the statute could be otherwise construed. It has been held that a new and pleasant design which enhances the value of the object to which it is to be applied is a compliance with the statutory requirement of invention and novelty. Smith v. Stewart (C. C.) 55 Fed. 481, and Untermeyer v. Freund (C. C.) 37 Fed. 342. It is, of course, extremely difficult to clearly mark the line at which symmetry and attractiveness cease to

be mere matters of good taste and become touched with a spark of inventive genius. Indeed, a glance at the decisions which have sustained design patents seems to suggest that there may be often more inventive genius displayed by the court in finding invention in design patents than the inventor disclosed in placing it there. However, the statute means something, and when this is comprehended it is the duty of the courts to give it effect.

Courts have found invention in designs for chairs, washers, lampshades, bedsteads, lamps, badges, stoves, harness trimmings, saddles, spoons, casing for disinfecting apparatus, grass-hooks, brooches, neckscarfs, bottle-stoppers, sign plates, bicycle saddles, reflectors, lace trimming, hose supporters, hat bands, monuments, inkstands, and many other devices. In Jammes v. Carr-Lowry Glass Co. (C. C.) 132 Fed. 827, the Circuit Court for the Southern District of New York sustained a patent for a bottle design. The description of that bottle covers more than half a page of fine type. It had a neck in "the form of a symmetrical perpendicular cylinder * * * terminating at the bottom in a rim C, similar to the top rim 'A,' the same being * * * in the form of a circle around the bottom of the neck in a horizontal plane. * * *" It had concave fluting, a star at the bottom, and very many supposedly beautifying features. In the present instance the bottle is described by appellant as follows, viz.:

"The upper part A of the body of the bottle is semispherical. This part resembles a half of a globe, which is flattened at the top. Upon this is set the neck, which terminates in a circular base or collar B. The neck and its base B have the appearance of bearing firmly upon the flattened top of the globe A. The height of the cylindrical part D of the body of the bottle is equal to the diameter of that part, thus making it symmetrical. The appearance made by placing upon this symmetrical cylindrical body part D a semi-globular top A and of resting upon top of this globe a broad base B of the neck, is one of symmetry and strength. This appearance is not the result of any one feature, but is the combined effect of the whole upon the eye."

Undoubtedly appellant is entitled to have its bottle considered as a whole—a unitary body. Whether or not the device of a design patent satisfies the requirements of the statute is a matter to be determined from the impression it makes upon the mind through the eye. If it is pleasing, and found to be new and original, upon an inspection of the disclosures of the prior art and use, and, in addition, leaves a distinct sensation of an unusual and desirable form or arrangement of forms upon the mind, while at the same time its suggestions are wholesome and proper, then, as a rule, it may be sustained as a device within the statute, even though the elusive "spark of genius" may have assumed the humble luminosity of the glowworm. Certainly, if the strict rules which apply to mechanical and process patents are to prevail in reference to design patents, there would seem to have been very little occasion for the enactment of section 4929. Appellant contends that the question of validity may be tested by the manner with which the article clothed in the device of such a patent is received by the purchasing public. As with mechanical patents, that may be taken into consideration as a make-weight, but it is never determinative of the fact of invention.

It is true, as appellant says, that all patents are granted in order to promote the arts or sciences, or both, but the provision of the Constitution was never intended to grant a monopoly just for the purpose of stimulating the natural instincts of mankind to make goods and merchandise attractive (as provided in the German Petty Patent Act of 1891), and therefore salable, without requiring that the conception shall display a degree of originality and beauty which bespeaks for itself a paternity of inventive thought. Invention calls for more than the exercise of a mere desire to please for mercenary ends. "Inventive genius," says Judge Grosscup in Westinghouse Airbrake Co. v. Chicago Brake & Mfg. Co. (C. C.) 85 Fed. 794, "has given to mankind most of its present material civilization. The magnificent flower of civilization, everywhere surrounding us, has opened from germs that were fructified from the brains of inventors." Even in the case of design patents this must not be lost sight of.

Appellant has, with commendable diligence and skill, classified the main body of the decisions of the federal courts upon the questions here involved, and deduces that, after going through the original phase of broad construction, the later phase of narrow construction, and again the last and present phase of broad construction of design patents, the courts have settled down to the proposition that, if the design be new, pleasing, and one which increases the sale of the article, it is patentable. The attitude of the courts with regard to design patents, during the second or so-called middle phase, was, it is said, brought about by a too strict construction of the decision of the court in Smith v. Whitman Saddle Co., supra. Neither that decision nor the statute have, however, been modified as to the significance of the term "invention," used in both, and it may be assumed that, notwithstanding the construction which appellant claims the courts have later placed upon them, that term has not become meaningless, and must yet be deemed the main feature to be taken into consideration in determining the validity of a design patent.

[2] The question of how the courts are to arrive at a conclusion as to validity or invalidity permits of no fixed or arbitrary dicta or course of reasoning. Appellant asks, "To whom must the design be pleasing to be patentable?" and contends that the judge should not assume to decide; that it is the public which must be held to be the arbiter. Perhaps if there were any conclusive way of ascertaining what the public thinks upon the subject, that might illuminate the question from an adhominem standpoint. Surely, the multiplication of opinions, which must necessarily be divided in such a case, could not be relied upon or permitted to override the opinion of those who must take the responsibility of deciding. Here there are none of the elements which, as in mechanical patents, can be elucidated by expert evidence. The bottle, as a manufactured article, has no rival in the field of public knowledge. Even though the prior art may not be produced in evidence, yet if we may call into service what is known to all, and find that the device is, in all material respects, long since anticipated, and in common use, it is difficult to see how further evidence or opinion could assist us. Furthermore, as in the realm of mechanical patents, it does not constitute invention to add two or

more elements together, leaving each to perform the same function as before, so it is not invention to do this in a design device.

In the range of common knowledge, such as is disclosed in works of art, especially in the pottery and bottle arts, we find suggestions of the bottle in suit. For instance, the lower part of bottle No. 4 of Morton and Leed Chemistry, shown in appendix to defendant's brief, and the top of the common vase shown as No. 20 in said appendix, are both well-known articles, very old and readily recognized. These put together make the bottle in suit. The shape is found or suggested in numerous old devices in and outside of the bottle art. To repeat, it is inconceivable that the facts should be affected by the interposition of further pleadings and evidence. They could avail nothing as against the judicial knowledge of the court. That the court may call to its service common knowledge in a patent case is held in Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200; Slawson v. R. R. Co., 107 U. S. 649, 2 Sup. Ct. 663, 27 L. Ed. 576; Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991, and many other cases.

To be sure, there springs from the grant of even a design patent the presumption of validity. That presumption, however, may be overcome as effectually by facts within the judicial knowledge, if adequate, as by the introduction of evidence, and such we hold to have been the result of judicial knowledge in the present case.

[3] The bottle in suit is one of plain surfaces, and has no suggestion of ornamentation. Its claim for novelty and invention rests wholly in its shape. Under the present statute, the design must be ornamental. This may consist in the matter of outline as well as in external ornamentation, but, whether it be in matter of outline or imposed or other ornamentation, the statute requires that it embody features of no uncertain originality and beauty. We can discover no distinct compliance in the bottle in suit with the requirements of the statute. We find in it no degree of invention, nor do we think there is in it anything new, original, or ornamental, as those terms are used in the statute. Such being the view of the court, it follows that there was, in the judgment of this court, no error in the action of the circuit court in sustaining the demurrer and dismissing the cause, on the hearing upon the demurrer, for want of equity.

The judgment of the Circuit Court is therefore affirmed.

Since writing the foregoing opinion, we have been shown the opinion of the Circuit Court of Appeals for the Sixth Circuit speaking through SATER, District Judge, holding that the Boldt bottle lacked patentable novelty, and affirming the decree of the Circuit Court dismissing the bill for want of equity.