**FINNERTY et al. v. WALLEN et al.**
**No. 27192.**

District Court, N. D. California, S. D.
May 11, 1948.

Charles S. Evans and Hugh N. Orr, both of San Francisco, Cal., for plaintiffs.

J. E. Trabucco, of San Francisco, Cal., for defendants.

ROCHE, District Judge.

This is a suit brought by an inventor claiming infringement of his patented device, an emery wheel dresser, with a prayer for an injunction against further infringement and an accounting during the period of the license granted to defendant and from the date of the granting of the patent. Defendant answers that the patent granted is not a valid one and that there is no infringement and prays that the cause of action for an accounting during the period of the license be dismissed.

In January, 1944, plaintiff applied for a patent, which was granted on Februray 11, 1947. On May 29, 1945, a contract was entered into between plaintiff and defendant granting a license to defendant to sell and manufacture one thovsand of the tools, which contract was to expire in six months. A royalty was to be paid to the plaintiff for each tool sold by the defendant, unless defendant operated in their manufacture and sale at a loss. Plaintiff alleges that this contract was extended for an indefinite period through an oral agreement with the defendant and was finally terminated by him with notice to the defendant on September 15, 1946. Defendant denies that there was such an extension and alleges that the contract ended upon the stipulated period of six months, November 29, 1945.

Plaintiff's invention was the utilization in this type of tool of a forced feed means of lubricating the bearing, so that its period of use was caused to be greater than that of similar tools. A sleeve journaled upon the shaft was the means of providing passages for the lubricant. In one of the claims allowed under the patent, the sleeve is declared to have radial passages and longitudinal passages through which the lubricant passes. The other four claims

speak only of the sleeve being provided with passages for the purpose of lubrication.

Defendant has manufactured such tools or like ones since the date of the contract. He claims improvements have been made by him upon the tool as originally designed by the plaintiff, with some such improvements to be, or having been, granted patents. It is his contention that the patent granted plaintiff lacks validity because of prior art patents or because the elements in plaintiff's tool are all to be found under prior patents. It is his further contention that, if the patent be valid, he has made no infringement since the date of the granting of the patent, because the omission of the radial passages from the sleeves of tools manufactured by him take them outside of the claims allowed to the plaintiff.

As to the cause of action based on the contract, defendant has maintained that this is without the jurisdiction of this court and must be dismissed. His arguments would lead to the conclusion that no order could be made requiring him to make an accounting to plaintiff. To summarize, he alleges, first, that he can be held to no accounting for the period of the contract, because this is a matter for the state courts; second, that he can be held to no accounting for the period between the ending of the contract, whatever it may be found to be, and the date of the granting of the patent, because the privileges incident to a patent are possessed only as from the date of its issuance; and third, that he is not an infringer, because the patent is invalid or, if held valid, its claims are too narrow to cover the changes made by the defendant.

■ Where an issue is raised as to the validity of a patent granted by the United States Patent Office, the burden is upon the one disputing the decision of the Patent Office to overcome it, Linville v. Milberger, D.C., 29 F.2d 610; Knapp v. Will, etc., Co., 2 Cir., 273 F. 380, with every reasonable doubt to be resolved in favor of the patent. Linville v. Milberger, supra; Barkis v. California Almond Growers' Exch., D.C., 17 F.2d 327. Defendant did not meet such burden in this case, so it must follow that the patent granted must be held to be a valid one.

■ The contention made by the defendant that this court lacks jurisdiction over the cause of action based on the contract is not well taken, since claims may be joined when they are but different phases of the same cause of action. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. Here, the validity of the patent is an element essential to the decision of all the questions raised and hence, the court has jurisdiction over all of the causes of action. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852.

■ The question of whether the original contract granting defendant a license to manufacture the tool was extended was a question the burden of proof of which was upon plaintiff. This court is satisfied that the evidence presented clearly supports the claim of plaintiff, so it is the finding of this court that the contract was extended and ended only upon the giving of notice of termination by the plaintiff on September 15, 1946.

■ The evidence also appears to show that infringement of the tool by defendant has been taking place. The use of a sleeve without radial passages does not remove the tool itself from the claims allowed under the patent, for the distinguishing feature of the patented tool is not the sleeve, but the means of lubricating the tool. While defendant may have made patentable improvements upon the original tool design patented by plaintiff, this gives him no right to manufacture the tool merely because of such added improvements. A person who appropriates and manufactures or uses a patented invention or the substance thereof does not escape or avoid infringement by improving upon the invention, Tempco Electric Motor Co. v. Apco Mfg. Co., 275 U.S. 319, 48 S.Ct. 170, 72 L.Ed. 298; Hobbs v. Beach, 180 U.S. 383, 21 S.Ct. 409, 45 L.Ed. 586, even though the improvement is patentable, Morley Sewing Mach. Co. v. Lancaster, 129 U.S. 263, 9 S.Ct. 299, 32 L.Ed. 715; Clough v. Barker, 106 U.S. 166, 1 S.Ct. 188, 27 L.Ed. 134, or is patented. Cantrell v. Wallick, 177 U.S. 689, 6

S.Ct. 970, 29 L.Ed. 1017; Tilghman v. Proctor, 102 U.S. 707, 26 L.Ed. 279.

There is no prayer made for any accounting for infringement by the defendant between the date of the termination of the license agreement, which is here found to be September 15, 1946, and the date of the issuance of the patent, February 11, 1947, nor can any such claim be made, for use pending application for a patent is not infringement. Brill v. St. Louis Car Co., C.C., 80 F. 909.

This case having been heretofore tried and submitted to the court for consideration and decision, the Court, after due consideration, finds that plaintiff's patent in suit, patent No. 2,415,790, is a valid patent, that infringement by the defendant has occurred and that an accounting of profits under the license contract, as extended, for the period from May 29, 1945, to September 15, 1946, is due to the plaintiff. In accordance with the foregoing, therefore,

It is hereby ordered that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of the plaintiff and against the defendant; that there be issued a writ of injunction perpetually restraining defendant from infringing on the patent set forth in this suit; that there be an accounting for profits realized by defendant after the date of the issuance of the patent, February 11, 1947; and that there be an accounting for profits realized by defendant during the period of the license contract, May 29, 1945, to September 15, 1946.